# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| **WILLIAM EARL DeGRATE** | **CIVIL ACTION NO. 3:10-cv-1010** |
| **VS.** | **SECTION P** |
| **JAMIE MAYO, ET AL.** | **JUDGE ROBERT G. JAMES** |
| | **MAGISTRATE JUDGE KAREN L. HAYES** |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

*Pro se* plaintiff William Earl DeGrate, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on June 9, 2010. When he filed the complaint, plaintiff was an inmate at the Richwood Correctional Center (RCC) serving time on unspecified traffic violations. [Doc. #1] In a pleading dated July 1, 2010 and filed on July 6, 2010 plaintiff notified the court of his release from custody. [Doc. #4]

Plaintiff complained of conditions of confinement at RCC and sued RCC, Warden Tillary, and Jamie Mayo, the Mayor of Monroe[1] praying for $1,000,000 in damages for "... gross negligent [sic], stress, mental anger [sic], total disregarded [sic] of the rights of other [sic] and attorney fees." [Doc. #1, ¶V].

When plaintiff failed to timely amend his complaint, the undersigned recommended dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Plaintiff subsequently responded

---

[1] Plaintiff also alleged that "... Monroe City Judge Tammy Lee was and is aware of the creul [sic] and usual [sic] punishment..." however plaintiff did not mention Judge Lee as a defendant in the caption of the suit. Elsewhere he also alleged that Judge Lee did not act on plaintiff's motion to suppress and, that she imposed a high fine following plaintiff's conviction. [Doc. #1] Plaintiff was directed to amend his complaint to provide a more definite statement concerning the defendants' fault. [doc. #6] He filed an amended complaint on October 6, 2010 and alleged no fault on the part of Judge Lee or the RCC and therefore it must be presumed that his has voluntarily dismissed these defendants.

before entry of judgment. Based on plaintiff's response, the Report recommending dismissal without prejudice pursuant to Rule 41(b) [Doc. #7] is hereby **WITHDRAWN**, and, instead, it is recommended that the complaint [Doc. #1] and amended complaint [Doc. #8] be **DISMISSED WITH PREJUDICE** as frivolous.

*Background*

*1. Original Complaint [Doc. #1]*

Plaintiff claimed that he was incarcerated at RCC sometime in 2009 "for traffic tickets." He complained that upon his arrival he was placed, along with six other inmates, in a cell designed for two inmates. Plaintiff complained and three days later he was housed with city inmates; however, he was not given a change of clothes, underwear, towels, soap, tissue paper, toothbrush or toothpaste.

He complained that on May 10, 2010, he was denied his right of appeal. He complained that Judge Lee did not act on plaintiff's motion to suppress, and imposed a high fine. He also complained that Lee refused to accept partial payment of the fine and ordered plaintiff incarcerated at RCC on May 10, 2010. According to plaintiff, he was given old prison clothes, no underwear, towels, soap, tissue paper, tooth brush, or toothpaste for "thirty teen days." Plaintiff complained that although the City of Monroe paid $750,000 per year to RCC to house city inmates, the inmates are not provided appropriate clothing or hygiene supplies. He concluded by complaining about the quality and quantity of food provided, and alleged, "In order to eat chicken you must buy a poor boy."

*2. Amend Order, Report and Recommendation, and Plaintiff's Response*

On August 23, 2010, the initial review of plaintiff's complaint was completed, and, on that date plaintiff was directed to amend his complaint within 30 days to provide additional factual

support for his claims.[2]  Plaintiff, however, did not respond; accordingly, on October 1, 2010, the undersigned recommended dismissal of plaintiff's complaint without prejudice pursuant to FRCP Rule 41(b). [Doc. #7] Thereafter, on October 6, 2010, plaintiff filed an amended complaint in which he alleged the following:

(1) "... Mayor Jamie Mayo violated [plaintiff's] constitutional ... rights by continuing a contract with [RCC], a prison private corporation that [provides] care for prison that was below standards set by federal guideline." Plaintiff further claimed that Mayo knew or "... should have known the rights mandated should have been provided by anyone contracted by the city..."

(2) Plaintiff claimed that the violations in question occurred from May 10 – 23, 2010.

(3) He claimed that Warden Tillery knew "... or should have known that he had an obligation to provide care outlined in Federal guidelines regarding ... the care of any prisoner in his care..."

(4) He concluded by alleging that he "... was not allowed to shower and [was] provided no towel, no soap, no tissue paper, no toothpaste, no sheets, and no toothbrush..." [Doc. #8]

*Law and Analysis*

*1. Screening*

When this suit was filed, plaintiff was a prisoner, serving a sentence imposed following his

---

[2] Plaintiff was ordered to provide – (1) the name(s) of **each** person who allegedly violated plaintiff's constitutional rights; (2) a description of what actually occurred or what **each** defendant did to violate plaintiff's rights; (3) the place and date(s) that **each** event occurred; and (4) a description of the alleged **injury sustained** as a result of the alleged violation. He was also advised, Plaintiff has alleged fault on the part of Judge Lee, however, Lee is not named as a defendant. Plaintiff should state whether or not he seeks damages from Judge Lee, and if so, he should provide the details demanded by Rule 8. In short, plaintiff has not alleged fault on the part of any particular person and he has failed to provide the dates, times, and places where the alleged constitutional violations allegedly occurred. Further, plaintiff has not provided a description of the injury or harm he sustained as a result of the allegedly unconstitutional acts of the defendants." The order directed plaintiff to amend his complaint to provide the required information within 30 days of August 23, 2010. [Doc. #6]

conviction or various unspecified traffic violations. When a prisoner files a complaint in a civil action seeking redress from a governmental entity or officer or employee of a governmental entity, the district court is obliged to review the complaint as soon as is feasible and to dismiss the case if it determines that the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C.A. §§ 1915 and 1915A; see also 42 U.S.C.A. § 1997e(c) (providing that a district court shall on its own motion or the motion of any party dismiss a complaint by a prisoner regarding prison conditions if the court is satisfied the complaint is frivolous, malicious, falls to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant).

A claim is frivolous if it has no arguable basis in law or fact. *Nietzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir.1998) (quotation omitted).

A civil rights plaintiff must support his claim with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995).

The law accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff filed an original complaint which provided little factual support for his claim that

his Eighth Amendment rights were violated by the defendants. He was directed to amend his complaint and failed to do so in the time prescribed by the amend order. Nevertheless, he finally submitted an amendment to his complaint. The undersigned is convinced that further amendment of the pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true, and, giving plaintiff the benefit of every doubt, the undersigned concludes, for the reasons stated hereinafter, that his complaint should be dismissed with prejudice as frivolous.

## 2. Conditions of Confinement

Plaintiff contends that he was exposed to unconstitutional conditions of confinement during his imprisonment at RCC for the 13 day period from May 10 – 23, 2010. Complaints about prison conditions are analyzed under the Eighth Amendment which proscribes cruel and unusual punishment. While the Eighth Amendment does not prohibit all punishment, it does prohibit cruel and unusual punishment including the unnecessary and wanton infliction of pain. *See Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). Additionally, while the Eighth Amendment does not mandate comfortable prisons, it does not permit inhumane ones. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir.1999).

Federal courts employ a two-part test to determine whether a prisoner has established an Eighth Amendment violation. *Harper,* 174 F.3d at 719. First, there is the objective requirement that the plaintiff demonstrate conditions "so serious as to deprive prisoners of the minimal measure of life's necessities," as when the prisoner is denied "some basic human need." *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir.1995); *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Second, under the subjective standard, it must be shown that the responsible prison officials acted with deliberate indifference to the prisoner's plight. *Woods*, 51 F.3d at 581. "The

second requirement follows from the principle that only the <u>unnecessary and wanton infliction of pain</u> implicates the Eighth Amendment." *Farmer*, 511 U.S. at 834, 114 S.Ct. 1970 (internal quotation marks and citations omitted) (emphasis added).

For conditions of confinement to rise to the level of an Eighth Amendment violation, they must be "cruel and unusual" under contemporary standards. *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society. *Id.* However, when the restrictions of confinement rise to a level that results in physical torture, it can result in pain without penological purpose constituting cruel and unusual punishment under the Eighth Amendment. *Id.*; *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

In his original complaint plaintiff alleged that he "... was housed ... without changing of clothes, under wear, towels, soap, tissue paper and toothbrush, toothpaste." [Doc. #1, p. 5] Elsewhere he alleged that the defendants "... refuse to give inmates anything while housed at the center." [*Id.*, p. 5] In his amended complaint he added the complaint that he was "not allowed to shower" and was "... provided no towel, soap, no tissue paper, no toothpaste, no sheets, and no toothbrush." [Doc. #8, p. 2] As shown above, federal courts, with regard to prisoner suits filed *in forma pauperis*, are authorized "... to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Plaintiff implies that the necessary hygiene supplies were not provided free of charge; however, he does not contend that he was absolutely denied access to these supplies at the prison commissary or through the generosity of others. In any event, the complained of deprivations were not so egregious as to state an Eighth Amendment claim. Compare *Thomas v. Owens*, 345 Fed.

Appx. 892 (5th Cir. 2009) (unpublished)(Prisoner's claim that he was denied five consecutive hot meals, an adequate mattress for several days and any mattress for three days, toilet paper for two days, "level-3 property," a toothbrush, clothes, sheets, and eating utensils for days as well, held not to state a claim of cruel and unusual punishment.)

Furthermore, the deliberate indifference standard in a prison conditions case is subjective, not objective. It requires proof that the defendant prison official actually knew of a substantial risk of serious harm and failed to act. *Farmer*, 511 U.S. 825, 832-34, 114 S.Ct. 1970, 128 L.Ed.2d 811. Here, plaintiff alleged that the defendants, Tillery and Mayo, knew or "should have known" of the conditions he was exposed to. [Doc. #8] His contention that the defendants "knew" about the complained of conditions is a conclusory allegation with no factual support; further, what these officials "should have known" is not a part of the deliberate indifference standard. *Id.* at 837-38. Plaintiff's failure to establish deliberate indifference on the part of the two named defendants is fatal to his claim.

Finally, even if he were able to establish deliberate indifference, his claim would fair no better. In order to recover damages for exposure to dangerous conditions of confinement, a prisoner must show that he suffered an actual <u>physical injury</u>. See 42 U.S.C. § 1997e(e); compare *Alexander v. Tippah County, Miss.*, 351 F.3d 626, 631 (5th Cir.2003, *cert. denied*, 541 U.S. 1012, 124 S.Ct. 2071, 158 L.Ed.2d 623 (2004). In his original complaint, plaintiff maintained that he was entitled to damages "... for gross negligent [sic], stress, mental anger [sic], total disregarded [sic] of the rights of other[s]..." [Doc. #1, ¶5] He was specifically directed to amend his complaint to provide "... a description of the alleged injury sustained as a result of the alleged violation..." [Doc. #6] He alleged NO INJURY in his amended complaint. [Doc. #8] Therefore, it must be assumed that he sustained

no physical injury as a result of his 13 day exposure to the complained of conditions of confinement.

Plaintiff, at worst, was inconvenienced and not injured or otherwise harmed by the conditions complained of; these conditions cannot rationally be equated to "cruel and unusual punishment" since the deprivations alleged were not so extreme as to "... rise to a level that results in physical torture..." *Bradley v. Puckett*, 157 F.3d at 1025. Plaintiff's Eighth Amendment conditions of confinement claim is frivolous and dismissal on that basis is appropriate.

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous pursuant to the provisions of 28 U.S.C. §§1915(e)(2)(B)(i) and 1915A(b)(1).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, November 17, 2010.

*[signature]*
KAREN L. HAYES
U. S. MAGISTRATE JUDGE